IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01937-MSK-MEH

MARIO E. VILLABONA-ALVARADO,

    Plaintiff,

v.

H.A. RIOS, Warden,
J.C. ZUERCHER, Deputy Warden,
D. LEE, Correctional Officer,
UNKNOWN DEFENDANT #1, and
UNKNOWN DEFENDANT #2,

    Defendants.
_____

**ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND**
_____

**THIS MATTER** comes before the Court on the Motion to Dismiss Second Amended Complaint by Defendants H.A. Rios, J.C. Zuercher and D. Lee **(#39)** and Plaintiff Mario E. Villabona-Alvarado's Response **(#40)**.

**I. Background**

Mr. Villabona-Alvarado, a prisoner, appears in this action *pro se*. In his Second Amended Complaint **(#34)** ("Complaint") brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), Mr. Villabona-Alvarado seeks damages against each Defendant, individually, for violation of his constitutional rights by opening and inspecting his legal mail outside his presence. Mr. Villabona-Alvarado states seven claims for relief, one against each of the five named Defendants for improper handling of inmate legal mail in violation of his 5th Amendment rights, one against all named Defendants for

conspiracy to open his legal mail outside his presence in violation of his constitutional rights and a final "claim" that is a recitation of law but does not state a distinct claim for relief.

Defendants Rios, Zuercher and Lee ("Defendants") seek dismissal of all claims asserted against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In particular, the Defendants argue that Mr. Villabona-Alvarado's constitutional right to access to the courts claims should be dismissed pursuant to Rule 12(b)(1) because he fails to allege an actual injury. They argue that a claim for unconstitutional interference with the attorney-client relationship should be dismissed pursuant to Rule 12(b)(6) because Mr. Villabona-Alvarado fails to allege any prejudice or harm to his ability to communicate with his attorney. Defendants Rios and Zuercher contend that the claims against them should be dismissed pursuant to Rule 12(b)(6) because Mr. Villabona-Alvarado fails to allege their personal participation in opening his legal mail. The Defendants argue that the conspiracy claim should be dismissed pursuant to Rule 12(b)(6) because Mr. Villabona-Alvarado fails to allege any agreement or concerted action among the Defendants. Finally, the Defendants assert that they are entitled to qualified immunity on all claims.

## II. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court must accept the allegations in the complaint as true when the sufficiency of the allegations in the complaint is being challenged.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-plead allegations in the complaint as true and view those allegations in the light most favorable to the non-moving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d

1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action, or legal conclusions presented as factual allegations, will not suffice. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be enough to raise a right to relief above the speculative level into the realm of plausibility. *See id.* at 1965-66. The court's consideration of a motion to dismiss pursuant to Rule 12(b)(6) is limited to reviewing the four corners of the complaint and any attached exhibits. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Because Mr. Villabona-Alvarado pursues this matter *pro se*, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court can reasonably read the pleadings to state a valid claim on which Mr. Villabona-Alvarado could prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *See Hall*, 935 F.2d at 1110. However, the requirement that the Court read Mr. Villabona-Alvarado's pleadings broadly does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based. *See id.* Not every fact must be described in specific detail. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based, as no special legal training is required to recount the facts surrounding an alleged injury. In analyzing the sufficiency of Mr. Villabona-Alvarado's

Complaint, the Court need only accept as true well-pleaded factual allegations, not conclusory allegations. *See id*. In this substantive respect, Mr. Villabona-Alvarado is held to the same standards as any attorney practicing before the Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) *and Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. Analysis

Mr. Villabona-Alvarado makes sparse factual allegations. At the pertinent points in time, Mr. Villabona-Alvarado was incarcerated at FCI-Florence, Defendant Lee was a mail room clerk at FCI-Florence and Defendants Rios and Zuercher were supervisors of the mail room staff at FCI-Florence. On three occasions, January 11, 2006, February 14, 2006, and March 29, 2006,[1] Defendant Lee opened and read Mr. Villabona-Alvarado's mail that was marked special/legal outside his presence. On these dates he "had legal actions/proceedings in federal and/or state courts."

Mr. Villabona-Alvarado conclusorally contends that such persons knew that opening his mail was in violation of clearly established prison policy and his constitutional rights. He also asserts in conclusory fashion that Defendants Rios and Zuercher failed to monitor, train and supervise the other Defendants with regard to the prison's policy for handling legal mail, and that the Defendants conspired with each other to open his legal mail, particularly targeting his legal mail, with knowledge that he was involved with "legal issues outside the U.S.A."[2]

---

[1]Mr. Villabona-Alvarado also alleges that Defendant Lee opened his legal mail outside his presence at other unknown times. Because this allegation lacks any specificity and is thus not well-plead, the Court does not consider it.

[2]The reference to "legal issues outside the U.S.A." is unexplained. No specific litigation, insider or outside of the United States, is identified in the Complaint. However, as is noted with regard to the Response, Mr. Villabona-Alvarado may be referring to litigation that he intended to

4

Mr. Villabona-Alvarado alleges that the opening of his mail violated his "right of access to the courts" and "right to counsel" under the 5th Amendment to the United States Constitution. The Court is not limited to Mr. Villabona-Alvarado's characterization of his claims. Instead, consistent with its obligations to construe Mr. Villabona-Alvarado's Complaint liberally, the Court notes that the opening of a prisoner's legal mail outside of his presence arguably can give rise to claims for violation of a prisoner's rights under the First, Fifth and Sixth Amendments to the United States Constitution.

The Tenth Circuit recognized that an inmate's constitutional "right of access to the courts" may be violated by interference with the inmate's legal mail in *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). Although the constitutional predicate for a right of "access to the courts" is the subject of some jurisprudential debate, opening of a prisoner's legal mail outside his presence could violate rights to access to the courts under either the First Amendment (Petition Clause) or the Fifth Amendment (Due Process Clause). *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). Regardless of its origin, however, to establish such a violation, at a minimum, a prisoner plaintiff must show that the opening of legal mail hindered his efforts to pursue a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-55; *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006).

Here, the Complaint fails to identify any particular litigation in which Mr. Villabona-

---

initiate in Denmark.

Alvarado was involved at the time the mail was opened.[3] In addition, the Complaint fails to allege any facts stating whether or how the opening of Mr. Villabona-Alvarado's legal mail impacted any litigation or impaired his rights or claims in it. Accordingly, dismissal of the claims for denial of access to the courts is appropriate under Rules 12(b)(1) and 12(b)(6).

Mail can also be a medium of free speech, and therefore interference with it may also give rise to claims under the First Amendment. *See City of Cincinnatti v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993).[4] To establish a claim that Defendants violated his First Amendment free speech rights, Mr. Villabona-Alvarado must show that Defendants either (1) censored his legal mail, (2) failed to deliver his legal mail, (3) interfered with protected communications by stripping those protected communications of their confidentiality, or (4) chilled or inhibited his ability to speak openly with his attorney. *See Al-Amin*, 511 F.3d at 1334.

The facts alleged in the Complaint also are inadequate for this claim. There are no specific facts alleging that Defendants censored or failed to deliver Mr. Villabona-Alvarado's mail, identifying any protected communications or alleging how any communications were interfered with, chilled or inhibited. Accordingly, dismissal of any claim for a free speech violation is appropriate under Rule 12(b)(6).

Finally, the Sixth Amendment could be the basis for a claim that by opening his mail, the

---

[3] The Complaint refers only to unidentified "legal actions/proceedings in federal and/or state courts" and "legal issues outside of the United States of America." In the portion of the form prisoner complaint labeled "Previous Lawsuits," Mr. Villabona-Alvarado lists several actions, but there is no indication that the opened correspondence related to these actions. Indeed, by their case numbers it would appear that they were initiated long after the correspondence was allegedly opened.

[4] For examples of First Amendment claims in the context of prisoner mail s*ee Jones v. Brown*, 461 F.3d 353 (3rd Cir. 2006) and *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008).

6

Defendants interfered with Mr. Villabona-Alvarado's right to effective assistance of counsel in his criminal case. *U.S. v. King*, 664 F.2d 1171, 1172 (1981); *Wolf v. McDonnell*, 418 U.S. 539, 576 (1974). However, to establish a claim of interference with this right, Mr. Villabona-Alvarado must show that the Defendants' conduct threatened or had some adverse impact upon the effectiveness of his counsel's representation in his criminal case. *See King*, 664 F.2d at 1173. Once again, the allegations of the Complaint are insufficient. It fails to connect the opened mail with any litigation, much less specific criminal proceedings. In addition, there are no factual allegations linking the opened mail to communications between Mr. Villabona-Alvarado and his attorney in his criminal case. As with Mr. Villabona-Alvarado's potential claims under the First and Fifth Amendments, dismissal of any claim of interference with the right to counsel under the Sixth Amendment is appropriate under Rule 12(b)(6).

With regard to Mr. Villabona-Alvarado's conspiracy claim, he must demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the Defendants. *Merritt v. Hawk*, 153 F.Supp.2d 1216, 1225 (D.Colo. 2001)(citing *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994)). To succeed on a claim for conspiracy to deprive a constitutional right, Mr. Villabona-Alvarado must (1) prove the existence of the conspiracy and (2) a constitutional deprivation. *See Backus v. Ortiz*, 246 Fed.Appx. 561, 565 (10th Cir. 2007)(unpublished decision). Mere conclusory allegations without supporting facts are insufficient. *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

Here, the Complaint contains only conclusory allegations of agreement and concerted action among the Defendants. No specific facts are alleged that indicate any interaction among the Defendants. Accordingly, dismissal of the conspiracy claim is appropriate under Rule

7

12(b)(6).

## IV. Leave to Amend

Mr. Villabona-Alvarado does not ask to further amend his Complaint. However, the Court may grant a *pro se* plaintiff the opportunity to do so where it appears that there are facts that he could allege that would remedy the deficiency in the stated factual allegations. *See Hall*, 935 F.2d at 1110.

In his Response to the Motion to Dismiss, Mr. Villabona-Alvarado offers additional facts and suggests that discovery may produce more. He generally discusses the details of his underlying criminal conviction and his legal efforts to have his conviction overturned. Most important in this discussion is Mr. Villabona-Alvarado's contention that wiretap evidence obtained in Denmark resulted in his conviction in the United States. With the assistance of Danish counsel, he sought information related to the wiretap evidence and anticipated filing an action in Denmark seeking determination that the wiretap evidence was illegally seized. With such a determination, he anticipated challenging his criminal conviction in the United States. The attachments to his Response include letters that appear to be to and from his Danish counsel during the time period that the Defendants allegedly opened his mail. These letters refer to his efforts to have the wiretap evidence investigated and to obtain a determination from a Danish tribunal that such evidence was illegally seized.

At this juncture, the Court does not evaluate whether such facts are sufficient to state a constitutional claim in this case. It is clear that they have not been alleged thus far and therefore Mr. Villabona-Alvarado should have the opportunity to do so. In addition, the Defendants should have the opportunity to challenge the sufficiency of any claim premised thereon. As a

consequence, although the claims as currently stated are fatally deficient, a stay of dismissal should be granted in the event Mr. Villabona-Alvarado desires to further amend his Complaint to supplement the factual basis of his claims. **IT IS THEREFORE ORDERED** that the Motion to Dismiss Second Amended Complaint **(#39)** is **GRANTED**, and all claims against Defendants Rios, Zuercher and Lee are dismissed. However, this order is **STAYED** for a period of 20 days, during which Mr. Villabona-Alvarado may file an Amended Complaint including only supplementation of facts for the claims previously stated.

Dated this 18th day of March, 2009

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge